# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-2035V

|  |  |
|---|---|
| BRIDGET HASTINGS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 22, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 30, 2020, Bridget Hastings filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") and/or brachial plexopathy as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on January 27, 2020. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 13, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 19, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $63,785.96 (comprised of $60,000.00 for pain and suffering, $2,639.96 for past unreimbursable expenses, and $1,146.00 for lost wages). Proffer at 1-2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $63,785.96 (comprised of $60,000.00 for pain and suffering, $2,639.96 for past unreimbursable expenses, and $1,146.00 for lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| BRIDGET HASTINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-20235V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 30, 2023, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered brachial neuritis that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34.  ECF No. 47.  On July 13, 2023, the Chief Special Master issued a Ruling on Entitlement regarding petitioner's brachial neuritis.[1]  ECF No. 48.

**I.      Items of Compensation**

      A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

---

[1] Petitioner also alleged a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table. Pet. at 1.  Respondent recommended compensation only for brachial neuritis, and the Court's ruling on entitlement is specific to brachial neuritis.  ECF Nos. 47-48.  Accordingly, respondent's proffer is limited to compensation for brachial neuritis.

awarded past unreimbursable expenses in the amount of $ 2,639.96.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

    C.    <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $ 1,146.00.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    <u>**Form of the Award**</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $63,785.96, in the form of a check payable to petitioner.

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

Lump sum payable to petitioner, Bridget Hastings:    **$63,785.96**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

>HEATHER L. PEARLMAN
>Deputy Director
>Torts Branch, Civil Division
>
>JULIA M. COLLISON
>Assistant Director
>Torts Branch, Civil Division
>
>/s/ *Jamica M. Littles*
>JAMICA M. LITTLES
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 146
>Benjamin Franklin Station
>Washington, D.C. 20044-0146
>Tel:  (202) 305-4014

DATED:  January 19, 2024