# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-2035V

| | |
|---|---|
| BRIDGET HASTINGS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 14, 2025 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Jamica Marie Littles*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

      On December 30, 2020, Bridget Hastings filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration and/or brachial plexopathy as a result of a tetanus-diphtheria acellular pertussis vaccine administered on January 27, 2020. Petition, ECF No. 1. On January 22, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 57.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $49,104.52 (representing $46,635.02 in attorney's fees and costs incurred by Petitioner's counsel of record, Ronald C. Homer, plus $2,469.50 in attorney's fees incurred by Petitioner's former counsel, Moody Law). Application for Attorney's Fees and Costs ("Motion") filed July 16, 2024. ECF No. 62. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 63.

Respondent reacted to the motion on July 17, 2024, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 64. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

The hourly rates requested by the Conway, Homer, P.C., attorneys for all work performed in this matter through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted herein. But the hourly rate requested by Petitioner's former counsel, Daniel D. Moody, requires further evaluation.

Petitioner is requesting the hourly rate of $375 for work performed by attorney Moody in 2020. However, Petitioner did not file an affidavit or any other supporting information to supplement the proposed hourly rate. Additionally, as of the time of the filing of this Motion, it appears that attorney Moody is not admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

Accordingly, all time billed by Mr. Moody may only be compensated at non-attorney rates. **I shall instead compensate such work at the lesser rate of $163 per hour,** reducing the amount of fees to be awarded for Mr. Moody's time by **$1,229.60.**[3] (I make no adjustments to the number of hours he billed to the matter).

In addition, the fees award must also be reduced for redundant time billed for the review of status reports, correspondence cover letters, and other cursory documents prepared by another attorney. *See,* e.g., ECF No. 62 at 22-30 (entries dated 8/11/22; 10/11/22; 12/28/22; 8/8/23; 10/10/23; 11/20/23; 1/23/24; 1/25/24). I am aware that it is a common practice for Conway, Homer, P.C. to have several attorneys work on the same matter, even if one predominantly is responsible for hearings. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document (and the Conway Homer, P.C. attorneys typically bill reasonable amounts that reflect their personal expertise, with more experienced counsel needing to spend less time on matters than newer attorneys).

However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports, joint notice not to seek review, and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. And this is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL

---

[3] This amount is calculated as: ($375 - $163 = $212 x 5.80 hrs.) = $1,229.60

3

7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

Accordingly, Petitioner will not receive fees for redundant effort (although I will award all other fees associated with work on the case by the Conway Homer, P.C., counsel). This results in a **reduction in the amount of fees to be awarded of $263.50.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 62 at 39-72. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $47,611.42 (representing $46,371.52 in attorneys' fees and costs incurred by Petitioner's counsel of record, Conway, Homer, P.C., plus $1,239.90 in attorney's fees incurred by Petitioner's former counsel, Moody Law) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.